IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,

      Respondent,

vs.

DANIEL HENDERSON,

      Petitioner.

*U. S. DISTRICT COURT*
*Eastern District of Louisiana*
*FILED  NOV 2 2 2004*
*LORETTA G. WHYTE*
*Clerk*

Crim. No. 00-CR-105-13

Section "B" (3)

## APPLICATION FOR THE ISSUANCE
## OF A CERTIFICATE OF APPEALABILITY

COMES NOW, Daniel Henderson (hereinafter "Mr. Henderson"), pro se, respectfully submits this application for the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253. Mr. Henderson is appealing the September 24, 2004, order of this Court denying the claims presented in the 28 U.S.C. § 2255 motion. Mr. Henderson first must seek certification on each claim raised herein in accordance with Section 2253 and Rule 22 of the Federal Rules of Appellate Procedure.

I.

## STATEMENT OF JURISDICTION

This Honorable Court retains subject matter jurisdiction pursuant to the enactment of § 102 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132,

_Fee_____
_Process_____
X_Dktd_____
X_CtRmDep_____
. Doc. No.____

100 Stat. 1214, 1217-18 (1996)(codified as Title 28 U.S.C. § 2253);
whereas, a Habeas petitioner must first receive a certificate of
appealability ("COA") from a district court in order to appeal a
final order denying a motion brought pursuant to Section 2255.
United States v. Youngblood, 116 F.3d 1113, 1114 (5th Cir. 1997).
Under Section 2253(c)(1)(B) and the Federal Rules of Appellate
Procedure Rule 22(b)(2), this Court has jurisdiction to issue
a COA if Mr. Henderson has made the showing set out in 28 U.S.C.
§ 2253(c)(2).

## II.

### STANDARD OF REVIEW

A COA may issue if the defendant can demonstrate "a substan-
tial showing of the denial of a constitutional right." 28 U.S.C.
§ 2253(c)(2). The district court must indicate which specific
issue or issues satisfy the standard, or state its reason why
a COA should not be granted. Youngblood, 116 F.3d at 1114.

In determining whether to certify an issue under the "substan-
tial showing" standard a district court must be satisfied "that the
issues are debatable among jurists of reason; that a court could
resolve the issue in a different manner; or that the questions
are 'adequate to deserve encouragement to proceed further.'"
Slack v. McDaniel, 529 U.S. 473, 484 (2000)(quoting Bearfoot v.
Estelle, 463 U.S. 880, 893 (1983). Should this Court harbor any
doubt whether to certify an issue, the doubt should be resolved

2

in the defendant's favor.  Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998).

## III.

### ISSUES FOR REVIEW

A.  Ineffective Assistance of Counsel

(1)  Counsel Turissini violated Fed.R.Crim.P. Rule 32(b)(6)(A) and (b)(6)(B) which caused Mr. Henderson to be prejudiced at the sentencing hearing.

(2)  Counsel Turissini failed to object to the PSI not including a finding of "reasonable foreseeability" under U.S.-S.G. § 1B1.3.

(3)  Counsel Turissini failed to file an objection and argue that Mr. Henderson only maintained a buyer-seller arrangement with his codefendant for drug weight assessment purposes.

(4)  Counsel Roniger failed to raise the aforementioned issues on appeal.

B.  This Court abused its discretion by denying the motion for an evidentiary hearing

## IV.

### FACTS SUPPORTIVE TO THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

(1)  the Court dismissed this issue in the Order of September 24, 2004 (hereinafter "Order"), stating that the Probation Officer mailed Mr. Henderson a copy of the Presentence Report on September 18, 2000 (Order at p.5).  Mr. Henderson averred that he did not receive a copy until two days prior to sentencing.

3

The Court based the denial on a credibility call between Mr. Henderson's sworn declaration and an unidentified part of the record.  The Court is therefore assuming that Mr. Henderson received the Presentence Report ("PSR") within the time allotted by Fed.R.Crim.P. Rule 32.

The facts here are in dispute.  The Court will recall that this issue was brought to demonstrate that Counsel was unprepared for the sentencing hearing.  (1)  Counsel failed to discuss with Mr. Henderson his list of objections before the sentencing hearing.  (2)  Counsel failed to file an objection to the drug weight after stating to Mr. Henderson that it would be done.  And, (3) Counsel failed to argue that Mr. Henderson maintained only a buyer/seller relationship with Mr. Baldwin.  This objection would have required a finding of "foreseeability" to determine how much of the drug weight could be assessed as relevant conduct towards Mr. Henderson's role in the criminal venture.  U.S.S.G. § 1B1.3 (a)(1)(B).

All of these issues were created as a result of Counsel Turissini failing to consult in a timely manner with Mr. Henderson while he was confined in the Saint Bernard Parish Jail.  The record is uncontested that Mr. Henderson complained to the Court, first at the rearraignment conducted on August 10, 2000, and again during the sentencing hearing conducted on October 25, 2000.

Thus, Mr. Henderson was timely in asserting his objections

4

and requesting that an accurate finding be made on drug weight.
Counsel was required to research these objections in the course
of filing timely written objections and to present the Court with
all reasonable facts supportive to Mr. Henderson's position at
the sentencing hearing.  This was not done.

Counsel Turissini abrogated Mr. Henderson's rights by failing
to confer on the contents of the PSR in sufficient time to file
the aforementioned objections in accordance with the intent of
Rule 32.  Therefore, guided by West v. United States, 994 F.2d
510, 513 (8th Cir. 1993), Mr. Henderson advances that these claims
would be debatable among other jurists of reason and that another
court could resolve this issue differently.  Thus, meeting the
requirement needed to certify this issue on appeal.  Slack v.
McDaniel, 529 U.S. 473, 484 (2000).

Furthermore, for additional support, Mr. Henderson would offer
a recent decision by the Fourth Circuit which backs his claim
of being misled during the Rule 11 rearraignment proceeding con-
ducted August 10.  In United States v. Wood, 378 F.3d 342 (4th
Cir. 2004), the Fourth Circuit found that the defendant had been
denied due process by the government's silence during the district
court's mischaracterization of the terms of the plea agreement.
The defendant was concerned about the weight of the drugs that
might be attributed to him for sentencing purposes.  Woods, 378
F.3d at 345.

5

Woods stated at the Rule 11 hearing:

> I am guilty, but only to a certain extent. What's being
> charged in the indictment as far as the total drug weight
> I don't feel I'm responsible for, but since we have the
> chance to argue, I feel—
>
> THE COURT: That issue will be resolved through the pre-
> sentence report and you'll have the opportunity there to
> present everything that you know about it in an effort
> to get to the right amount. If you're not in agreement
> with what the probation officer comes up with, <u>you still
> may be heard here in this court at the time of the sen-
> tencing hearing about what is the proper weight. So you
> will have two opportunities to persuade somebody of what
> the proper weight is; first, the opportunity to persuade
> the probation officer and if that is not successful, then
> the opportunity to show to the Court what the proper weight
> should be. Does that clarify it for you?</u>
>
> WOODS: Yes.

Then, later in the hearing, the Court was again asked by Woods
about reserving the right to challenge the drug weight and the
Court remarked: "The weight is certainly reserved for later."
<u>Id.</u> at 345-46.

The Fourth Circuit went on to hold that Woods was misled by
the Court's mischaracterization of the terms of the plea agree-
ment. And, due to the government's "affirmative acquiescence
in the court's explanation [] serve[d] to modify the terms of
the plea agreement." <u>Id.</u> at 349 (alteration in original). The
Fourth Circuit held that the plea agreement had been modified
and Woods' due process rights were violated. The Court vacated
his sentence and remanded for resentencing.

Here, we have some what of the same situation. Mr. Henderson
was assured by Judge Berrigan at the August 10 rearraignment that

6

he reserved the right to contest the drug weight assessment.
(Rearraignment Hearing Transcripts, August 10, 2000, pp. 20-21.)
In fact, Mr. Henderson's decision to enter a guilty plea rested
on his right to challenge the drug weight.

Mr. Henderson stated: "I just wanted to state one thing that--
I was like you, they didn't have a cap on a--there wasn't no top
amount of the cocaine base that we had. I just wanted to be as-
sured that we'll sentenced by what was possessed by the--that
was seized." Id. Mr. Henderson's guilty plea was conditioned
on his right to present evidence and have his attorney raise the
issue in the PSR. Had Mr. Henderson known that his attorney
would not honor his word to object to the same evidence that
was presented at the Rule 11 hearing, essentially the weight
specified in the plea agreement and PSR, he would not have entered
his plea of guilty.

Mr. Henderson was misled by the Court's mischaracterization
of his right to contest the drug weight and by his attorney's
assurances that an objection would be timely and properly filed.
This constitutes a denial of due process and resulting prejudice
sufficient to meet the cause and prejudice test of Strickland
v. Washington, 466 U.S. 668 (1984); United States v. Bartholomew,
974 F.2d 39, 43 (5th Cir. 1992).

In addition, since Mr. Henderson has shown that he received
ineffective assistance, appellate counsel was ineffective by

7

failing to advance these issues on appeal.  United States v. Phillips, 210 F.3d 345 (5th Cir. 2000), as a practical matter, all errors that are obvious and plain should be advanced on appeal. United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999).

Therefore, under section 2253(c)(1)(B) and Fed.R.App.P. Rule 22(b)(2), Mr. Henderson has made a "substantial showing of the denial of a constitutional right."  This Court should then certify these issues for appeal.

B.  This Court can abuse its discretion by denying a motion for an evidentiary hearing when the files and record conclusively show that the prisoner is entitled to relief.  See, Rule 8 of the Rules Governing § 2255 Proceedings.  Mr. Henderson presented facts to establish every claim before this Court.  He did what was required to receive an evidentiary hearing.

In fact, under Townsend v. Sain, 372 U.S. 293, 312 (1963), all that is necessary is that a petitioner allege facts which, if true, would entitle him to relief.  Id. at 312.  Having a hearing would have provided the forum to develop the record further to assist Mr. Henderson in presenting his claims.  Again, under Bartholomew, the Fifth Circuit supports the view that unless the Court dismisses the motion as frivolous under Rule 4, a hearing is proper to allow the petitioner to present his case.  Supra, 974 F.2d 41.

8

Therefore, Mr. Henderson requests that this issue be certified for appeal. He has established facts to show that he was entitled to an evidentiary hearing on the claims presented. <u>Slack v. Mc-Daniel</u>, 529 U.S. 473 (2000).

CONCLUSION

Mr. Henderson requests that this Court certify these issues for appeal. This Court must indicate which specific issue or issues satisfy the showing required under <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). Should this Court harbor any doubt whether to certify an issue, the doubt should be resolved in Mr. Henderson's favor. <u>Whitehead v. Johnson</u>, 157 F.3d 384, 386 (5th Cir. 1998).

Respectfully submitted,

Dated: November 18, 2004

Daniel Henderson, pro se
Reg. No. 27004-034, E-2
P. O. Box 5000
Oakdale, LA 71463.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,

      Respondent,

    vs.

DANIEL HENDERSON,

      Petitioner.

Crim. No. 00-CR-105-13

Section "B"(3)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact photocopy of the fore-going: NOTICE OF APPEAL, MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL and APPLICATION FOR THE ISSUANCE OF A CER-TIFICATE OF APPEALABILITY, was placed in the F.C.I. Oakdale institutional legal mail receptacle, first class postage and fees pre-paid, on this 18th day of November, 2004, to:

Maurice E. Landrieu
Assistant United States Attorney
501 Magazine Street
New Orleans, LA 70130

*Daniel Henderson*

Daniel Henderson, pro se
Reg. No. 27004-034, Bldg. E-2
P. O. Box 5000
Oakdale, LA 71463

U.S. POSTAGE
$0.00

Office of the Clerk
United States District Court
Eastern District of Louisiana
500 Camp Street
New Orleans, LA 70130

Daniel Henderson
Reg. No. 27004-034
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA 71463