

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31178
USDC No. 2:03-CV-715
USDC No. 2:00-CR-105-2

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

DANIEL HENDERSON,

        Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

O R D E R:

    Daniel Henderson, federal prisoner # 27004-034, requests a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty-plea conviction and sentence for possession with the intent to distribute more than 50 grams of cocaine base and less than 500 grams of cocaine hydrochloride. Henderson argues that he received ineffective assistance because his attorney failed to provide him with a copy of the presentence report (PSR) in a timely manner, and because counsel neglected to review Henderson's objections with him prior to sentencing. He also argues that counsel failed to file written objections to the PSR (1) challenging the drug-weight calculation based on the alleged

ORDER
No. 04-31178
-2-

impurity of the seized cocaine base and (2) asserting that, because Henderson was merely a drug buyer, he should have been held accountable only for the quantity of drugs found on his person. Henderson also repeats his claim that appellate counsel rendered ineffective assistance by failing to raise the aforementioned issues on direct appeal. He contends that the district court abused its discretion in denying his request for an evidentiary hearing.

In addition to his claims of ineffective assistance, Henderson argues for the first time in his COA application that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). We lack jurisdiction to address this newly-presented claim. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).

Henderson fails to demonstrate that reasonable jurists would find debatable or wrong the district court's denial of his ineffective assistance of counsel claims as lacking merit. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Similarly, he fails to show that the district court abused it discretion in denying his request for an evidentiary hearing. See McDonald v. Johnson, 139 F.3d 1056, 1059-60 (5th Cir. 1998). Accordingly, a COA is DENIED. Henderson's request for leave to proceed in forma pauperis is also DENIED.

E GRADY JOLLY
UNITED STATES CIRCUIT JUDGE