UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 00-105 |
| v. | * | SECTION: "B" |
| DANIEL HENDERSON | * | |

* * *

GOVERNMENT'S EX PARTE RULE 36 MOTION TO CORRECT
CLERICAL ERROR IN ORDER AND JUDGMENT
REGARDING MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2)

NOW INTO COURT COMES the United States of America, represented herein by the undersigned Assistant United States Attorney, and respectfully moves the Court for an order correcting a clerical error in the Court's Order and Judgment Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), dated June 13, 2008.

On March 27, 2008, the Crack Amendment Eligibility Information Sheet was completed by the team reviewing sentences of defendants convicted of crack offenses and sentences of defendants who have filed motions for reduction of sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the United States Sentencing Guidelines. The team reviewing the sentences, and the review procedure, was established by Order of Chief Judge Berrigan of this Eastern District of Louisiana and consists of a representative of the United States Probation Office, the United States

1

Attorney's Office, and the Federal Public Defender. The Crack Amendment Eligibility Information Sheet contained the Guideline Calculations at the time of sentencing with respect to this defendant as well as the Guideline Calculations pursuant to Amendment 706, which amendment generally reduced the base offense level for crack cocaine offenses by two levels.

The team calculated the guideline levels as stated in the Crack Amendment Eligibility Information Sheet signed on March 27, 2008, by the members of the screening team. Although agreed to by the Federal Public Defender as reflected in the Crack Amendment Eligibility Sheet which was before this Court, inadvertent clerical error resulted in the omission of the undisputed guideline levels calculated pursuant to Amendment 706.

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The government moves the Court to correct the clerical omission in the Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) by inserting in Section I of the Order, Court Determination of Guideline Range, the guideline range calculated pursuant to Amendment 706 which was agreed to by the United States Probation Office, the United States Attorney's Office, and the Federal Public Defender at the time of the screening, and which the Court accepted as the basis for its Order, or alternatively, to correct the clerical omission by indicating that in lieu of completing Section I: Court Determination of Guideline Range, that the Court adopts the guideline range pursuant to Amendment 706 which appears on the Crack Amendment Eligibility Information Sheet which was submitted to the Court by agreement of all parties and which reflects the undisputed calculation.

Wherefore, the government respectfully requests that the clerical omission in the Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) be corrected pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

                Respectfully submitted,

                JIM LETTEN.
                UNITED STATES ATTORNEY

                \s Carol L. Michel
                CAROL L. MICHEL
                Assistant United States Attorney
                Bar Roll No. 14226
                Hale Boggs Federal Building
                500 Poydras Street, Room 210 B
                New Orleans, Louisiana  70130
                Telephone: (504) 680-3095

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I filed the above and foregoing motion and proposed orders Electronic Case Filing and served a copy of this motion and the memorandum, with attachments, on Gary Schwabe, who has been appointed to represent the defendant, Daniel Henderson, for purposes of screening and eligibility for a reduction in sentence pursuant to 18 U.S.C. § 3582.

                s\ Carol L. Michel
                **Carol L. Michel**, Asst. U.S. Attorney